IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMY M. THOMAS, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TULSA CITY- COUNTY HEALTH DEPT., )<br>a division of Tulsa County, DAVE COX, as )<br>an individual and as an Agent of Tulsa City- )<br>County Health Department, )<br>)<br>Defendants. ) | Case No. 06-CV-319-JHP-SAJ |

## **ORDER**

Now before the Court is Defendants' Motion for Summary Judgment, Plaintiff's Response to said motion and Defendants' Reply. Plaintiff, a former employee of the Tulsa City-County Health Department ("TCCHD"), was terminated effective June 13, 2005. Defendants contend Plaintiff's termination was the result of a reduction in force due to a decrease in funding received by TCCHD from the Oklahoma State Department of Health. Plaintiff, however, claims she was terminated because of information she learned from the defendant, Dave Cox. Plaintiff asserts Defendants violated her rights under 42 U.S.C. §1983, and that her termination constituted a breach of an implied contract of employment based on TCCHD's Employee Handbook.

In general, summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).* An issue is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. Id. at 249.

In considering a motion for summary judgment, this court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988). Furthermore, if on any part of the prima facie case there is insufficient evidence to require submission of the case to the jury, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). In addition, one of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex* Corp. *v. Catrett*, 477 U.S. 317,323-24 (1986).

## BACKGROUND

Plaintiff began working as an Information Technical Specialist for TCCHD in December of 2001. She was promoted to the position of Geographic Information Systems ("GIS") Information Technical Specialist in February of 2003, and her job title changed to GIS Analyst in February of 2004. TCCHD's public health mission and services to the citizens of Tulsa County include its emergency preparedness program, which is funded by the Oklahoma State Department of Health ("OSDH") through its CDC Cooperative Agreement.

TCCHD contends it was notified by OSDH in February 2005, that the State-provided emergency preparedness funding for 2005-2006 was being reduced by fifteen percent, slightly over $180,000.00. In order to make up for this budget shortfall, it was necessary for TCCHD to reduce its expenditures. After conferring with TCCHD's Finance and Accounting Director, and in consultation with TCCHD's Assistant Director, Dr. Gary Woodruff, the Director of TCCHD, Gary Cox, decided it was necessary to eliminate two positions which directly supported the emergency preparedness program in order to help compensate for the loss of funding from OSDH.

The two positions selected by Gary Cox for the reduction in force were the Information Systems Security Specialist position held by Ray Wilson, and the GIS Analyst position held by Plaintiff. Mr. Wilson's job was 100% funded by the OSDH emergency preparedness grant, and

Plaintiff's position was more than 50% funded by the grant. The effective date of Plaintiff's separation from her employment at TCCHD was June 13, 2005, while the effective date for Mr. Wilson's separation from employment was June 2, 2005.

Although Plaintiff contends that TCCHD advertised in June of 2005 for the same position she was performing at the time of her termination, the job advertisement shows that it was not the same position. The June 26, 2005 advertisement emphasized graphics and marketing, and one of the requirements for the position was a degree in Graphic Design. The GIS Analyst position which TCCHD eliminated on May 9, 2005, did not involve marketing. Further, while Plaintiff does have a degree in History and Geography, the record reflects she does not have a degree in Graphic Design.         On January 1, 2005, the defendant, Dave Cox, became Division Director over the Planning and Epidemiology Department at TCCHD where Plaintiff worked. Prior to that date Plaintiff had only occasional contact with the defendant at various committee meetings within the agency. At her supervisor's request, Plaintiff attended a meeting with Dave Cox on December 15, 2004, in which Dave Cox discussed his plans for the Planning and Epidemiology Department.

On March 23, 2005, Plaintiff claims a telephone conversation took place between her and Dave Cox in which Dave Cox revealed disparaging information to her about individuals he had worked with at a previous employer, and then threatened her not to tell anyone about their conversation.

## DISCUSSION

In Plaintiff's First Amended Complaint she claims TCCHD and Dave Cox violated her due process and property rights when she was terminated. Plaintiff also claims TCCHD's Employee Handbook constituted a contract, and that her termination "breached" certain terms of that contract.

Initially, the Court notes that Oklahoma recognizes the employment-at-will doctrine. In the absence of an implied or express agreement between the employer and its employees, the employer may terminate an employee at any time with or without cause. See Singh v. Cities Service Oil Co., 554 P.2d 1367, 1368-69 (Okla. 1976). The Oklahoma Supreme Court has refused to recognize an

implied covenant of good faith and fair dealing in employment at-will contracts. See Burk v. K-Mart Corp., 770 P.2d 24, 27 (Okla. 1989). However, in Hinson v. Cameron, 742 P.2d 549, 554-555 (Okla. 1987), the Oklahoma Supreme Court acknowledged five factors that courts have found from particular facts indicate the parties intended a contract of permanent employment or tenured job security. The factors the court isolated as "critical to evaluate whether an implied contract right to job security exists are (a) evidence of some "separate consideration" beyond the employee's services to support the implied term, (b) longevity of employment, (c) employer handbooks and policy manuals, (d) detrimental reliance on oral assurances, pre-employment interviews, company policy and past practices and (e) promotions and commendations." Id. In the instant case, Plaintiff contends the Employee Handbook issued by TCCHD is sufficient in itself to create a contractual obligation upon Defendant.

There are instances that an employer's personnel manual can alter the employment at-will relationship and create a basis for a terminated employee's action for breach of contract. As the Hinson court noted, provisions in such materials can constitute evidence of the employer's intent to create a contract. Id. at 554-555. As a result the provisions can become enforceable promises. "Two limitations on the scope of implied contracts by employee handbook stand identified in Oklahoma's extant caselaw: (1) the manual only alters the at-will relationship with respect to accrued benefits -- it does not limit prospectively the power of either party to terminate the relationship at any time and (2) the promises in the employee manual which may operate to restrict the employer's power to discharge must be in definite terms -- not in the form of vague assurances." Gilmore v. Enongex, Inc., 878 P.2d 360, 368 (Okla. 1994).

In the instant case, TCCHD's Employee Handbook fails to rise to the level of an implied contract. "Oklahoma jurisprudence recognizes that an employee handbook can form the basis of an implied contract if four traditional contract requirements exist: (1) competent parties; (2) consent; (3) a legal object; and (4) consideration. Gilmore, 878 P.2d at 368; See also, Williams v. Maremont Corp., 875 F.2d 1476, 1480 (10th Cir. 1989). In Langdon v. Saga, 569 P.2d 524 (Okla. Ct. App.

1976), the court determined that certain benefit provisions contained in a personnel manual issued by the employer did constitute a binding contract enforceable by an at-will employee. In reaching that conclusion the court emphasized consent, communication, inducement and reliance as necessary prerequisites to the formation of a contract binding on the employer. "The parties consent must be (1) voluntary, (2) mutual, and (3) communicated. Okla. Stat. tit. 15, § 2." Williams, 875 F.2d at 1480, (citing Langdon, 569 P.2d at 527).

Defendant's objective intent to contract was expressed in the TCCHD Employee Handbook. The pertinent statements included in that handbook provide:

> The TCCHD reserves the right to change, interpret, withdraw, or add to any of the policies, benefits or terms and conditions of employment, at its sole discretion and without prior notice or consideration to any employee. None of the policies, benefits, terms or conditions of employment have been made, or are required to be approved by an employee or employee group. This document does not constitute an employment contract.

(Exhibit 15, Defendant's Motion For Summary Judgment). Additionally, TCCHD's Employee Handbook provides that TCCHD retains "the sole discretion to exercise all managerial functions, including the right to: ... "determine and change the size ... of the workforce." Id. The TCCHD Employee Handbook could not have been the basis of a contract, either express or implied, since this statement precludes a mutual intent to contract.[1] In addition, the parties agree Plaintiff was provided the TCCHD Employee Handbook and that she signed an acknowledgment signifying her understanding of these policies. Plaintiff does not claim that she received any oral assurances which would negate the disclaimers made in the handbook. "In the absence of proof of the elements necessary to form a contract, no contract has been formed and the relationship is merely one of employment-at-will." Maremont at 1484. Thus, the handbook provisions do not rise to the level

---

[1] As the court in *Hinson* noted, "[o]bviously, difficult issues of construction may arise when courts confront testimony concerning either an employer's oral statements or ambiguous representations are made by the employer in an employee handbook. Nevertheless, it should be remembered in such instances, the employers do retain actual control over their fate. In most cases, as here, the employer writes and disseminates the handbook or document upon which the employee relied in the wrongful discharge claim. If employers desire to retain the discretion to fire at will, <u>such policies may easily be included in the handbook</u>." Id. at 560. (emphasis added).

of an implied contract that would afford Plaintiff protection from her discharge. Therefore, Defendant's Motion for Summary Judgment is granted in regard to the issue of an implied contract created through TCCHD's Employee Handbook.

Plaintiff also claims she had a property interest in her position which entitled her to due process rights. In order to "assess whether an individual was denied procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process." *Montgomery v. City of Ardmore*, 365 F.3d 926, 935 (10th Cir. 2004). "When a person's employment can be terminated only for specified reasons, his or her expectation of continued employment is sufficient to invoke the protections of the Fourteenth Amendment." *West v. Grand County*, 967 F.2d 362, 366 (10th Cir. 1992). In the instant case, Plaintiff cannot succeed on her Section 1983 claim because she is an at-will employee of TCCHD and, as such, had no property interest in her position entitling her to any due process rights.

Defendant Dave Cox raises a qualified immunity defense to Plaintiff's allegations. A qualified immunity defense is not simply a defense to liability, but, rather, provides a defendant the right to not stand trial in the first place. *Kirkland v. St. Vrain Valley School Dist. No. Re-1J*, 464 F.3d 1182, 1188 (10th Cir. 2006). It is important to note that once a defendant has raised the qualified immunity defense, the burden shifts to the plaintiff to establish that the defendant's actions violated a constitutional right. Only if this is established does the analysis move to the next step which is whether the right was clearly established at the time of the defendant's unlawful conduct. Id. If the plaintiff "fails to satisfy either part of this two-part inquiry, the court must grant the defendant qualified immunity." Id. It is important to note the Supreme Court has directed that the parts are to be addressed in sequential order." Id.

As the Court has previously determined, Plaintiff did not have a property interest in her position. Without a property interest in her employment, there is no constitutional right to due process. Therefore, Defendant Dave Cox is entitled to qualified immunity.

ACCORDINGLY, the Court finds that Defendants' Motion for Summary Judgment is granted.

**IT IS SO ORDERED** this 6th day of July 2007.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma